Peck, J.
delivered the opinion of the court.
The question which arises upon this record is, whether this cause, determined by Judge Martin, under special appointment of the Governor, by an act of assembly which was declared unconstitutional, and the authority attempted to be communicated to the Judge, void, is discontinued. Under these decisions, the causes were remanded to the circuit court to be proceeded in, but it is supposed that as the judgments were declared void and no step taken since in the causes, that they stand abated or discontinued in the courts to which they have been remanded. It is obvious there could be ho abatement; the circuit court being, diiected to proceed, it must be understood that the proceedings should. follow in that court, as if no judgment had been given. If the parties have rested upon their rights, the mere suspension would not of itself work a discontinuance or abatement of the suit. See act of 1794, ch. 2, Court law, sec. 8, 43, 44. Under our acts of assembly it is not absolutely necessary to enter a continuance in the particular cause, the general continuance at the end of the term will prevent a discontinuance. And if there be any cause why an abatement shall be entered to make it effectual, the judgment, of the court consideratum est must be seen, that we may know the mind of the court had been directed to the object. The causes are merely continued *88 in court, subject to be called up and proceeded in accord-' ing as they may be found in the several courts as if though the special judge had never acted upon them.
Judgment reversed.